**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000059**
**21-MAR-2014**
**08:29 AM**

NO. CAAP-13-0000059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDDIE A. GARCIA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CRIMINAL NO. 11-1-0288(4))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Eddie A. Garcia (**Garcia**) appeals from the January 18, 2013 "Judgment, Conviction and Sentence, Notice of Entry," entered in the Family Court of the Second Circuit[1] (**family court**). Garcia pled no-contest to Count 1: continuous sexual assault of a minor under the age of fourteen years in violation of Hawaii Revised Statutes (**HRS**) § 707-733.6 (1993); and Count 2: abuse of a family or household member in violation of HRS § 709-906 (Supp. 2013).

Garcia contends the family court reversibly erred by:

(1) failing to find that the prosecution breached the plea agreement by attempting to influence the Hawai'i Paroling Authority (**HPA**);

_____

[1] The Honorable Ricard T. Bissen, Jr. presided.

(2) denying Garcia's motion to withdraw his no-contest plea in light of prosecutor's breach of their plea agreement; and

(3) failing to consider Garcia's choice of remedies as a further consequence of erroneously concluding that the prosecution had honored the plea agreement.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Garcia's points of error as follows:

Our review of Garcia's contention that Plaintiff-Appellee State of Hawai'i (**State**) breached the parties' plea agreement is guided by State v. Abbott, 79 Hawai'i 317, 320, 901 P.2d 1296, 1299 (App. 1995). This court held:

> The touchstone for determining whether a breach of a plea agreement has occurred, however, is whether the defendant has reasonable grounds for reliance on his interpretation of the prosecutor's promise, and whether the defendant in fact relied to his detriment on that promise. This determination requires an inquiry into the precise meaning of the language of the agreement as it was understood by the defendant and defendant's legitimate expectations arising therefrom.
>
> Furthermore, a plea agreement containing terms that are ambiguous or reasonably susceptible to different interpretations is strictly construed in favor of the defendant. Even where the state technically complies with every term, a breach of the plea agreement may be found if the spirit of the agreement is breached.

Id. (citations and internal quotation marks omitted).

The parties' plea agreement provided that the State would "remain silent at the minimum term hearing." Even when "strictly construed in favor of [Garcia,]" this phrase indicates the State would not communicate its position on Garcia's minimum sentence to HPA at the minimum term hearing. Abbott, 79 Hawai'i at 320, 901 P.2d at 1299.

The family court received the prosecutor's July 23, 2012 letter to the Adult Client Services probation officer as part of the "Presentence Diagnosis and Report & Confidential Sentencing Recommendations, dated July 27, 2012 (Not Utilized by

2

the Court)" (Presentence Diagnosis and Report),[2] but did not submit it to HPA. The family court noted that cases cited by Garcia in support of his motion to dismiss his no-contest plea involved breaches of plea agreements by prosecutors "where they breached with the judge."[3] Garcia's counsel correctly agreed with the family court in that "[t]he distinction in this case is there could be no breach with the [family c]ourt as the [family c]ourt had already bound itself by the plea agreement."

At its hearing on Garcia's motion to withdraw his no-contest plea, the family court stated Garcia could still receive the benefit of the parties' bargain if the Presentence Diagnosis and Report containing the prosecutor's letter was put under seal and a new probation officer prepared a new Presentence Diagnosis and Report.

In its order denying Garcia's motion, the family court found the Presentence Diagnosis and Report had not reached HPA, the State "ha[d] not made an indirect minimum term arguement [sic] to [HPA,]" and therefore, the State "did not breach the plea agreement . . . ." We conclude the family court correctly found the State did not breach the plea agreement.

Garcia's other contentions - that the family court reversibly erred by denying his motion to withdraw his no-contest plea and his choice of remedies - are premised upon Garcia's contention the State breached the parties' plea agreement. Because we conclude the family court correctly determined the State did not breach the parties' plea agreement, we do not reach Garcia's other contentions.

---

[2] With limited exception, courts are required to "order a pre-sentence correctional diagnosis of the defendant and accord due consideration to a written report of the diagnosis before imposing sentence where: (a) [t]he defendant has been convicted of a felony" and "may order a pre-sentence diagnosis in any other case." HRS § 706-601(1)(a) & (2) (1993).

[3] In his memorandum in support of his motion to withdraw no-contest plea, Garcia primarily relied on State v. Adams, 76 Hawai'i 408, 879 P.2d 513 (1994).

3

Therefore,

IT IS HEREBY ORDERED that the January 18, 2013 "Judgment, Conviction and Sentence, Notice of Entry," entered in the Family Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 21, 2014.

On the briefs:

Benjamin E. Lowenthal
(Law Office of Philip H. Lowenthal
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4